WO  IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JOSEPH ROWEKAMP,  )
              )
          Plaintiff,  )
              )
    vs.       )
              )
PROVIDENCE HEALTH & SERVICES,  )
PROVIDENCE HEALTH & SERVICES  )
HEALTH AND WELFARE PLAN; and  )
PROVIDENCE HEALTH PLAN,  )
              )  No. 3:19-cv-0071-HRH
          Defendants.  )
_____)

O R D E R

Motion to Compel

Plaintiff moves to compel discovery responses.[1] Defendants oppose this motion,[2] and plaintiff has filed a reply to defendants' opposition.[3] Defendants filed a surreply[4] without requesting the court's leave to do so. The court, however, has considered defendants' surreply because plaintiff raised new issues and arguments in his reply. Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 15.

[2]Docket No. 16.

[3]Docket No. 18.

[4]Docket No. 19.

-1-

## Background

Plaintiff Joseph Rowekamp is alleged to be a beneficiary of defendant Providence Health & Services Health and Welfare Plan ("the Plan"), which is alleged to be an ERISA plan.[5] The Plan is alleged to be a self-funded ERISA plan.[6] Defendant Providence Health and Services is alleged to be the sponsor of the Plan.[7] And, defendant Providence Health Plan is alleged to be the claims administrator.[8] Providence Health Plan is alleged to be "a corporate subsidiary or affiliate of Providence Health and Services.[9] Providence Health & Services is alleged to be a Washington corporation and Providence Health Plan is alleged to be an Oregon corporation.[10]

Plaintiff alleges that his "doctor performed an OATS (Osteochondral Autograft Transfer System) on [his] right knee and requested preauthorization for the same operation on [his] left knee[,]"[11] but that the Plan refused to pay for the first operation and refused to

---

[5] Plaintiff's First Amended Complaint at 2, ¶¶ 3, 5, Docket No. 6.

[6] Id. at 2, ¶ 3.

[7] Id. at 2, ¶ 4.

[8] Id. at 2, ¶ 6.

[9] Id. at 2, ¶ 7.

[10] Id. at 2, ¶¶ 4, 6.

[11] Id. at 5, 15.

preauthorize the second operation.[12] Plaintiff alleges that he has exhausted his administrative remedies.[13] He commenced this action on March 14, 2019, and in his amended complaint, he asserts a single ERISA claim based on the allegation that the claims administrator abused its discretion in denying his claims.[14]

A scheduling order was entered on March 25, 2019.[15] Defendants were ordered to lodge the administrative record within 60 days and the parties were given 15 days after the lodging of the administrative record to agree on any necessary supplementation.[16] Defendant lodged the administrative record on May 24, 2019.[17] On June 12, 2019, the parties were given "an additional 30 days in which to correct deficiencies they have observed in the administrative record. . . ."[18] By July 15, 2019, defendant had lodged the corrected administrative record.[19]

The scheduling order provided that if, after the administrative record was lodged, plaintiff "contends that discovery should be permitted and if the parties are unable to agree

---

[12]Id. at 4-7, ¶¶ 13-21.

[13]Id. at 11, ¶ 36.

[14]Id. at 11, ¶ 37.

[15]Docket No. 5.

[16]Id. at 1-2.

[17]Docket No. 8.

[18]Order from Chambers at 1, Docket No. 10.

[19]Docket Nos. 11-14.

with respect to appropriate, limited discovery, a motion for discovery shall be served on or before 30 days following the filing of the [administrative] record."[20] Pursuant to this provision, plaintiff sent a discovery request to defendants on June 26, 2019.[21] Plaintiff requested the following discovery:

> 1. Please provide the CV of the Providence Medical Director [who] denied Rowekamp's claim "in house."
>
> 2. Please state the total monetary amounts paid by Providence to "All Med" in 2016 & 2017.
>
> 3. Please provide Dr. Sloan's CV and a statement from him listing his experience performing knee surgeries in general and OATs procedures specifically.
>
> 4. Please provide the CV of the medical reviewer that Roffe Enterprises t/a HHC utilized to review Providence's denials of Rowekamp's claims.
>
> 5. Please provide a statement of the Roffe Enterprises t/a HHC reviewer listing [his] experience with knee surgeries in general and OATs procedures specifically.
>
> 6. Please state the total amount Providence paid to Roffe Enterprises and HHC in 2016 and 2017.[[22]]

In response to request #1, defendants provided the CV of Dr. Capp, but, defendants did not otherwise provide any of the information that plaintiff had requested. Plaintiff now moves to compel defendant to respond to requests No. 2-6.

---

[20]Scheduling Order at 2, Docket No. 5.

[21]Exhibit 1, Plaintiff's Motion to Compel Discovery Requests, Docket No. 15.

[22]Id. at 1-2.

Discussion

"'Where an ERISA Plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a plan administrator's interpretation of a plan is reviewed for abuse of discretion.'" O'Rourke v. N. Calif. Electrical Workers Pension Plan, — F.3d —, 2019 WL 3850604, at *3 (9th Cir. 2019) (quoting Lehman v. Nelson, 862 F.3d 1203, 1216 (9th Cir. 2017)). Here, the claims administrator has "discretionary authority to interpret plan provisions, to decide questions of eligibility for coverage or benefits under the Plan, to adjudicate claims, and to decide any appeals of denied claims."[23] "[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion[.]" Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006). Thus, "no discovery is [generally] allowed in an action in federal court seeking review of a denial of benefits under an ERISA plan." Klein v. Northwest Mut. Life Ins. Co., 806 F. Supp. 2d 1120, 1125 (S.D. Cal. 2011). "An exception exists, however, where a plaintiff alleges a 'structural conflict of interest.'" Id. "A structural conflict of interest occurs when an insurer acts as both the plan administrator and the funding source of benefits." Id. In cases involving a structural conflict of interest, limited "discovery relating to the extent and nature of the conflict" may be allowed. Id. at 1126. "A plaintiff is entitled to seek evidence of malice or self-dealing or of a history of parsimonious claims granting." Id. at 1128. But, "discovery into how and why the decision was made is not allowed except

---

[23]AR 0297.

when such evidence is being sought to show the existence of a conflict." Id. at 1126. Any "[d]iscovery must be narrowly tailored and cannot be a fishing expedition." Groom v. Standard Ins. Co., 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007).

Here, the claims administrator and the funding source of benefits are not alleged to one and the same. But, the claims administrator, Providence Health Plan, is alleged to be "a corporate subsidiary or affiliate of" the plan sponsor, which pays any claims.[24] Plaintiff seems to be contending that the claims administrator and the plan sponsor are so closely aligned that they could be considered one entity. In support of this contention, plaintiff cites to Providence Health Plan's website, which states "[w]elcome to Providence Health Plan, a part of the integrated delivery system of Providence Health & Services."[25] In addition, plaintiff points out that in his CV, Dr. Capp, the medical director of Providence Health Plan, describes PHP as "the carrier for the Providence St. Joseph Health (PSJH) integrated delivery system."[26] In other words, plaintiff argues that Providence Health Plan is <u>not</u> an independent claims administrator but simply a part of the larger Providence Health & Services system, which, according to plaintiff, means that there is a structural conflict of interest here.

Even assuming that it might be appropriate, in the context of whether discovery should be allowed in an ERISA case, to disregard the corporate form, there is insufficient

---

[24]Plaintiff's First Amended Complaint at 2, ¶ 7, Docket No. 6.

[25]https://healthplans.providence.org/about-us/ (last visited Sept. 25, 2019).

[26]Phil Capp, MD, CV at 1, Exhibit 1, Declaration of Medora A. Marisseau, Docket No. 17.

information here to do so.  All plaintiff has shown is that the claims administrator is an affiliate or subsidiary of the plan sponsor.  He has not shown that they are so closely related they should be treated as the same entity nor is any of the requested discovery directed toward this issue.

But even if the claims administrator and the plan sponsor cannot be considered one entity, plaintiff argues that he should still be allowed to take discovery because an "employer's own conflict may extend to its selection of a[] . . . company to administer its plan."  Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 114 (2008).  Plaintiff seems to be suggesting that Glenn stands for the proposition that there can be a conflict of interest even if the employer or plan sponsor does not have dual status as the claims administrator and the payor of benefits.  But, that is not what Glenn held.  Glenn held that there is a conflict of interest when "the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket."  Id. at 108.  The statement that plaintiff quotes from Glenn was part of the Court's discussion about whether this conflict of interest exists "where . . . the plan administrator is not the employer itself but rather a professional insurance company."  Id. at 114.  The Court was explaining its rationale for extending the dual status structural conflict rule that applied to employers to insurance companies.  It was not suggesting that there can be a conflict of interest even when the claims administrator and the plan sponsor are different entities.

Plaintiff also cites to Mason v. Federal Express Corporation, 165 F. Supp. 3d 832 (D.

Alaska, 2016), in support of his argument that there can be a conflict of interest even if the claims administrator and plan sponsor are not the same entity. There, relying on the language quoted above from Glenn, the court found that there was a conflict of interest even though the claims administrator was Aetna and the plan sponsor/employer was FedEx. Id. at 850. The court suggested that FedEx's selection of Aetna as the claims administrator was somehow suspect because FedEx had "an obvious incentive to hire a Claims Paying Administrator that minimizes benefits awards" and concluded that "FedEx's (and by extension, Aetna's) conflict of interest significantly colored the decision-making process." Id. But this conclusion seems flawed, given that FedEx had no conflict to begin with since it did not have dual status as the claims administrator and the payor of claims. And, to the extent that the Mason court found that FedEx's selection of Aetna as the claims administrator was suspect, there did not appear to be any evidentiary support for this finding other than a general belief that a plan sponsor would want its claims administrator to not award benefits in order to save money.

<u>Conclusion</u>

Plaintiff has not shown that there was a structural conflict of interest here, which means that plaintiff is not entitled to take any discovery in this abuse of discretion ERISA case. Because plaintiff is not entitled to take discovery, his motion to compel is denied.

DATED at Anchorage, Alaska, this 25th day of September, 2019.

/s/ H. Russel Holland
United States District Judge